UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MARK S. ANDERSON,

        Plaintiff,                Case No. 1:06-cv-714

v.                                          Honorable Wendell A. Miles

STATE OF MICHIGAN,

        Defendant.

_____/

OPINION

Plaintiff Mark Anderson, a prisoner within the custody of the Michigan Department of Corrections, filed this action without benefit of counsel under the Declaratory Judgment Act, 28 U.S.C. § 2201, alleging that he was convicted under an unconstitutional state statute. He is suing the State of Michigan. United States Magistrate Judge Ellen S. Carmody submitted a Report and Recommendation (docket #5) that the complaint be dismissed for failure to state a claim. For the reasons that follow, the Court overrules Petitioner's objections, and adopts the Report and Recommendation of the Magistrate Judge.

Plaintiff was convicted in 1987 of six counts of first-degree criminal sexual assault in violation of MICH. COM. LAWS § 750.520, and is presently serving his sentence of twenty to forty years of imprisonment. He claims that Michigan's criminal sexual conduct law, §§ 750.520 et seq., was passed in 1974 by the Michigan state legislature in violation of the Michigan

Constitution.[1] He seeks a declaratory judgment that § 750.520 is void because it was improperly adopted. The Magistrate Judge concluded that Plaintiff failed to state a claim because this Court lacks subject matter jurisdiction over the question presented. In his response to the report (docket #9), Plaintiff argues that he has, in fact, stated a claim because all of the evidence in the record proves that the Michigan legislature illegally passed a bill that resulted in an illegal statute. Thus, his conviction under the illegal statute has caused him to be falsely imprisoned in violation of this Fourteenth Amendment due process rights.

This is not a situation such as the one presented in Steffel v. Thompson, 415 U.S. 452 (1974), where the Supreme Court held that a federal court could declare a state criminal statute invalid where the statute criminalized "constitutionally protected activity." However, where a state legislature has failed to followed its own laws and rules, while no cause for commendation, it has not necessarily violated the federal constitution. If the Michigan legislature acted in a manner that violated the Michigan Constitution, it has violated state law, not federal law, and the issues Plaintiff raises should be presented to the state courts. See e.g., Samuels v. Mackell, 401 U.S. 66 (1971) (holding that where plaintiffs sought declaratory judgment that state criminal statute was invalid, lower court erred in considering the merits); Public Service Commission v. Wycoff Corp., 344 U.S. 237, 244 (1952) (holding that it was inappropriate to issue a declaratory judgment deciding whether the plaintiff's business was interstate commerce and therefore potentially immune from state regulation); Great Lakes Co. v. Huffman, 319 U.S. 293 (1943)

---

[1] Plaintiff alleges that the Michigan legislature inserted 40-55 amendments into Senate Bill 1207 after the close of session, off the record, and without debate or vote by House members, which violates Article 4, sections 17 and 18 of the Michigan Constitution.

(holding that a declaratory judgment was not available to obtain a determination of the constitutionality of a state tax);

      The court has read the Magistrate Judge's Report and Recommendation and conducted an independent review of the record. For the reasons discussed above, the court finds that the Magistrate Judge's findings and recommendation are correct.

      A Judgment consistent with this opinion will be entered.


Dated:  November 21, 2006                               /s/ Wendell A. Miles
                                                                                Wendell A. Miles
                                                                                Senior U.S. District Judge